O’Neall, J.
delivered the opinion of the Court.
This Court concurs with the Judge below, in the opinion which he expressed on the circuit, that neither the statute of limitations nor the implied satisfaction of the plaintiff’s debt from accepting the prisoii bounds bond, could preclude the inquiry, in the issue ordered, and on trial, whether the assignment was or was not fraudulent. It is therefore unnecessary to express an opinion upon either.
That the ex-sheriff Kennedy was competent is perfectly plain, when the case is properly understood. The inquiry here is not now whether Maddox shall receive from him the money in his hands. It is whether an assignment of the judgment against Reuben Williamson to the defendant be fraudulent. If it be, still the plaintiff may not be entitled to receive the money. It may turn out he is paid, in fact or in law. If this should be the case, other creditors may get the money. The ex-sheriff may, nowithstanding this verdict, still be liable to the plaintiff, if the surety to the prison bounds bond be not good ; so, too, he (ex-sheriff Kennedy) if the plaintiff’s debt should turn out to be paid in fact or law, will never receive any commissions on the plaintiff’s judgment, if indeed, for paying over under rule the money in his hands (not collected under execution) he could be *297 entitled to commissions, which several members of the Court think he could not be.
t This explanation shews, that whatever interest the witness (ex-sheriff Kennedy) may have, is remote and contingent, and is not enough to render him incompetent; The other grounds are sufficiently disposed of by the report.
The motion is dismissed.
Richardson, J. — Evans, J. — Wardlaw, J. — and Withers, J. — concurred.

Motion refused.